IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| XUNXIAN LIU, | * |
| Plaintiff, | * |
| v. | * Case No.: 8:18-cv-03674-PWG |
| THEODORE CHUANG, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Xunxian Liu has brought this case against U.S. District Court Judge Theodore Chuang, asserting what appear to be two claims for defamation under Maryland law. I am granting the Government's motion to dismiss Judge Chuang and substitute the United States in his place as the party defendant. I am further granting the Government's motion to dismiss this case for lack of jurisdiction. But even if jurisdiction were not lacking, Plaintiff's claims would still be barred under the doctrine of judicial immunity.

## FACTUAL BACKGROUND

This case marks a follow up to a previous lawsuit Plaintiff filed in this Court in May 2017. *See Liu v. Azar*, 17-1398-TDC. The defendants in that action were Plaintiff's former supervisors at the National Institutes of Health ("NIH"). *See Liu v. Bushnell*, No. TDC-17-1398, 2018 WL 3093974, at *8 (D. Md. June 22, 2018), *aff'd, Liu v. Azar*, 742 F. App'x 748 (4th Cir. 2018). The May 2017 complaint asserted claims of discrimination and retaliation under Title VII of the Civil

1

Rights Act of 1964; age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"); and perjury under federal and state law. *See id.* at *1.

Judge Chuang, the presiding judge in that case, granted the supervisors' motion for summary judgment and dismissed the case. *See id.* Within the court's 28-page memorandum opinion, dated June 22, 2018, two sections are relevant for present purposes. The first of these addressed Plaintiff's discrimination claims under Title VII and the ADEA. The court, applying the *McDonnell Douglas* burden-shifting framework, agreed with the defendants that Plaintiff's discriminatory termination claim must fail because he could not establish that at the time of the alleged adverse actions he was "performing at a level that met NIH's legitimate expectations." *Id.* at *8. The court explained that the stated reason for Plaintiff's termination "was his inability to satisfactorily complete any of the assignments" in his performance improvement plan, which required him to conduct literature reviews and make data comparisons. *Id.* at *4, *9. Plaintiff, the court's opinion stated, "could not have been meeting NIH's legitimate performance expectations" in light of the evidence in the record showing that portions of the literature reviews he submitted were plagiarized. *Id.* at *9.

A separate section of the court's opinion, also relevant for present purposes, addressed Plaintiff's motion urging Judge Chuang to issue an order requiring the Assistant United States Attorney ("AUSA") representing the defendants to recuse herself from the case. *See id.* at *6. That motion, the opinion explained, alleged the AUSA had a conflict of interest – not only because of her employment with the U.S. Department of Justice, but because, according to Plaintiff, she had personally investigated, then rejected, his requests to bring criminal perjury charges against one of the former NIH supervisors and an NIH attorney. *See Bushnell*, 2018 WL 3093974, at *6. In rejecting this argument, the judge wrote: "Dr. Liu's pure speculation that [the AUSA] was

involved in the investigation into his allegations of perjury is an insufficient basis to demand [the AUSA's] removal." *Id.*

Among Plaintiff's responses to the court's decision – responses that included an unsuccessful appeal in the Fourth Circuit – this case against Judge Chuang was one. Plaintiff brought the suit on October 22, 2018, in the Circuit Court for Montgomery County, Maryland. ECF No. 1. The U.S. Attorney for the District of Maryland, exercising his authority under 28 U.S.C. § 2679(d), promptly certified that Judge Chuang "was acting within the scope of his employment as an employee of the United States at all times relevant to the allegations contained in Plaintiff's Complaint." Certification, ECF No. 1, Ex. 9. The Government then removed the case to this Court on November 30, 2018.[1]

Plaintiff's Complaint, filed without the assistance of counsel, asserts what appear to be two claims of defamation. *See* Compl. ¶¶ 8, 11, ECF No. 1-1. Count I references "Maryland defamation law" and states: "Chuang makes false statements in his opinion that is published on electronic media." *Id.* ¶¶ 1, 8. Count II, styled as a claim for "defamation per se," states: "Those false statements/points put Liu's in ridicule status and damage Liu's reputation and professional standings." *Id.* ¶¶ 8, 11.

Counts I and II overlap, in that both take issue with two statements included in Judge Chuang's June 22, 2018 memorandum opinion. The first of the challenged statements can be found in the section of the opinion denying the motion for an order requiring the AUSA to recuse herself from the case because of a purported conflict of interest. Specifically, Plaintiff faults the court for characterizing the conflict-of-interest theory as "pure speculation." Compl. ¶ 2. He

---

[1] The Notice of Removal noted that the Government had not been served with process and that the U.S. Attorney's Office had received a copy of the summons and complaint on November 5, 2018. Notice of Removal ¶ 3, ECF No. 1.

3

accuses Judge Chuang of ignoring evidence that the AUSA had, indeed, investigated the perjury allegations. *See id.*

Plaintiff next challenges the portion of the court's opinion addressing his discrimination claims. In particular, he alleges: "Chuang ignores the apparent difference between reading comprehension of literature (superior understanding of the pain research area) that is required in Liu's Employee Performance Plan (Exhibit D) and writing reviews that is one of the assignments in the Performance Improvement Plan (PIP) (Exhibit E)." *Id.* ¶ 5.

The Government has since moved to substitute itself as the defendant in place of Judge Chuang. ECF No. 22. It also moved to dismiss the Complaint, raising a mix of jurisdictional and merits challenges. Mot. to Dismiss 1, ECF No. 23. As to jurisdiction, the motion argues, first, that the United States enjoys sovereign immunity to tort claims for defamation and, second, that Plaintiff failed to exhaust his administrative remedies before filing suit. *See id.* The motion then argues that the Complaint fails to state a claim upon which relief could be granted because Judge Chuang enjoys absolute judicial immunity from suit. *See id.* Finally, it contends a dismissal is warranted because Plaintiff did not properly serve the United States with process. *See id.*

Plaintiff has opposed the Government's motion. Opp'n, ECF No. 25. A hearing is not necessary. *See* Loc. R. 105.6.

## STANDARD OF REVIEW

The Government seeks a dismissal under either Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. A 12(b)(1) motion challenges the district court's subject matter jurisdiction, asserting, in effect, that the plaintiff lacks any "right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of establishing the court's subject matter jurisdiction rests with the plaintiff. *Evans v. B.F. Perkins*

*Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017) (quoting *Evans*, 166 F.3d at 647).

A 12(b)(6) motion, by contrast, "tests the sufficiency" of the plaintiff's complaint. *Vance v. CHF Int'l*, 914 F. Supp. 2d 669, 677 (D. Md. 2012). Under Rule 8(a)(2), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Beyond that, the Supreme Court has held that claims for relief must be "plausible," specifying that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

### Motion to Substitute

I begin with the Government's motion to substitute itself in Judge Chuang's place as the defendant in this case. The Federal Tort Claims Act ("FTCA") provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall [upon removal] . . . be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). The Attorney General has delegated his authority under this statute to the U.S. Attorney for the district where the civil action is brought. *See* 28 C.F.R. § 15.4.

Here, the U.S. Attorney for the District of Maryland has certified that "on the basis of information now available to me with respect to the allegations contained in Plaintiff's

5

Complaint," Judge Chuang "was acting within the scope of his employment as an employee of the United States at all times relevant to the allegations contained in Plaintiff's Complaint." Certification. This certification stands as "prima facie proof" that Judge Chuang was acting within the scope of his employment at the time of the alleged torts. *See Hoffman v. United States*, Nos. 98-1128, 98-1129, 1999 WL 417830, at *2 (4th Cir. June 23, 1999) (per curiam). To overcome this presumption, Plaintiff "must prove by a preponderance of the evidence" that Judge Chuang's actions "were beyond the scope" of his employment. *Id.*; *see Curtis v. Pracht*, 202 F. Supp. 2d 406, 417 (D. Md. 2002).

Plaintiff calls the substitution motion "inappropriate, unprecedented, unlawful and unconstitutional." Opp'n 4. He argues, first, that Judge Chuang "did not act like a judge in the case." *Id.* He further argues that the decision to publish the memorandum opinion violated his constitutional right to privacy and violated Maryland defamation law. *Id.* at 3.

These allegations do not take Judge Chuang's statements outside of the realm of his official duties as a federal district court judge. *See See Maron v. United States*, 126 F.3d 317, 324 (4th Cir. 1997) (citing *Sawyer v. Humphries*, 587 A.2d 467 (Md. 1991)). The simple fact here is that the challenged statements are part of a memorandum opinion Judge Chuang issued resolving legal issues bearing on a motion for summary judgment and the Plaintiff's own motion for recusal of defense counsel. It should be evident, even to a self-represented litigant, that a federal judge is dutybound not only to rule on the motions before him, but to explain the basis for his rulings. Plaintiff, in any event, has not presented any reason to view Judge Chuang's opinion as somehow extrajudicial. Accordingly, there can be no doubt that the Complaint in this case is "an action against the United States." For this reason, I grant the motion to substitute the United States as the

party defendant. *See Maron*, 126 F.3d at 321; *Johnson v. United States*, No. GJH-16-3341, 2017 WL 1483394, at *2 (D. Md. Apr. 21, 2017).

## Motion to Dismiss

The Government's motion to dismiss begins by challenging this Court's subject matter jurisdiction over Plaintiff's Complaint. This is a threshold issue, so my analysis will start there. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

The Government contends that this Court lacks subject matter jurisdiction over this case because the United States is protected by sovereign immunity. Mot. to Dismiss 2. The Government "is entitled to sovereign immunity unless Congress waives that immunity and authorizes consent to suit." *Global Mail Ltd. v. U.S Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998). One such statutory waiver, relevant here, can be found in the Federal Tort Claims Act ("FTCA"). This statute, though, waives the United States's sovereign immunity only "for certain torts committed by federal employees." *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). It does not waive immunity for claims "arising out of," among other torts, "libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h); *Press v. United States*, No. JKB-17-1667, 2018 WL 1211537, at *3 (D. Md. Mar. 8, 2018). Courts have inferred that defamation claims, "representing elements of both libel and slander," are likewise barred. *Young v. United States*, No. RDB 08-3349, 2009 WL 2170068, at *5 (D. Md. July 20, 2009) (citing *Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir. 1991)); *see Johnson*, 2017 WL 1483394, at *2. I conclude, accordingly, that sovereign immunity precludes this court from hearing Plaintiff's defamation claims.

I note, though, that even if this Court did have jurisdiction over Plaintiff's case, the defamation claims would be barred, in any event, under the doctrine of judicial immunity. *See*

7

*Bush v. Blake*, No. JFM-11-1410, 2011 WL 2311835, at *2 (D. Md. June 9, 2011). This doctrine "shields judges from liability for damages for 'acts committed within their judicial jurisdiction.'" *Dixon v. Cole*, No. TDC-16-3922, 2018 WL 922355, at *2 (D. Md. Feb. 15, 2018) (quoting *Imbler v. Patchman*, 424 U.S. 409, 418 (1976)). This defense remains available even where the United States has substituted itself as the party defendant, provided it "otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." *Bush*, 2011 WL 2311835, at *2 (quoting 28 U.S.C. § 2674).

The Supreme Court has explained that judicial immunity "is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). First, the Court noted, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* In determining whether an act is "judicial," a court may consider "(1) 'the nature of the act itself,' specifically, 'whether it is a function normally performed by a judge,' and (2) 'the expectations of the parties,' as reflected in 'whether they dealt with the judge in his judicial capacity.'" *King v. Nalley*, No. TDC-17-628, 2017 WL 4221062, at *3 (D. Md. Sept. 21, 2017) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)), *aff'd*, 737 F. App'x 163 (4th Cir. 2018). Here, Plaintiff brought an employment discrimination case, the defendants moved for summary judgment on his claims, and Plaintiff opposed this motion. It does not require Napoleonic insight to appreciate that Judge Chuang was obligated by virtue of his office to rule on the motion, inasmuch as the essence of a motion filed in a court proceeding is a request for the court to issue an order. Fed. R. Civ. P. 7(b)(1), 56(a). In fulfilling this duty to make a ruling on the motion, he also was obligated to explain the reason for his decision, Fed. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting or denying the motion [for summary judgment]."),

which is precisely what Judge Chuang did. It would be hard to conceive of a function more quintessentially "judicial" than that.

The second exception to the doctrine of judicial immunity applies to acts that, "though judicial in nature, [are] taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. This is not to say that judicial immunity falls by the wayside merely because the judge may have acted in excess of legal authority; on the contrary, judicial immunity "extends even to judicial action taken erroneously [or] maliciously." *King*, 2017 WL 4221062, at *3; *see also Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (per curiam). The question, rather, "depends on whether 'jurisdiction over the subject matter of the action is invested by law in the judge,'" *Darling v. Falls*, 236 F. Supp. 3d 914, 927 (M.D.N.C. 2017) (quoting *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)), and as to this, "the scope of the judge's jurisdiction must be construed broadly," *id.* (quoting *Stump*, 435 U.S. at 11).

Plaintiff has not argued that the district court lacked jurisdiction over his employment discrimination case. Indeed, it would be peculiar if he had, seeing as the raison d'être of the challenged memorandum opinion was to address the legal sufficiency of the claims Plaintiff himself had presented to the court (to say nothing of the recusal motion, also submitted by Plaintiff).

Ultimately, whether it is for jurisdictional reasons or on the merits, the result is the same: Plaintiff's defamation claims cannot proceed in this Court. The Government's motion to dismiss is hereby granted.

## ORDER

Accordingly, it is this ___ day of _____, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

9

1. The Government's Motion to Substitute (ECF No. 22) IS GRANTED;

2. The Clerk of Court shall substitute the United States of America for Defendant Theodore Chuang and amend the docket accordingly;

3. The Government's Motion to Dismiss Plaintiff's Complaint (ECF No. 23) IS GRANTED; and

4. The Clerk shall CLOSE this case.

_____ 4/10/19
Paul W. Grimm
United States District Judge